## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KICKFLIP, INC., a Delaware corporation,

    *Plaintiff*,

    v.

FACEBOOK, INC., a Delaware corporation,

    *Defendant*.

**C.A. NO. 12-1369-LPS**

### PLAINTIFF KICKFLIP, INC.'S MOTION TO STRIKE RE: FACEBOOK, INC.'S MOTION TO DISMISS (D.I. 11)

### INTRODUCTION

On October 26, 2012, Kickflip, Inc. filed this action against Facebook, Inc. alleging monopolization, attempted monopolization, unlawful tying, and tortious interference. (Complaint (D.I. 1)) On January 4, 2013, Facebook filed a motion to dismiss Kickflip's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 11)

Under Rule 12(d), matters outside the pleadings should be excluded when evaluating a motion to dismiss. In support of its Rule 12(b)(6) motion, Facebook filed a brief (D.I. 12) which presents materials and to which are attached exhibits that are not referenced in or integral to Kickflip's Complaint.

Kickflip respectfully requests that the Court exclude all of the materials outside the pleadings, which are specifically listed below, when evaluating Facebook's motion to dismiss.

### ARGUMENT

**A.  Materials outside the pleadings should be excluded in evaluating a Rule 12(b)(6) motion to dismiss.**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The exceptions to that rule permit a court to "consider documents that are attached to or

submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation and punctuation omitted). A court may consider an exhibit "to a motion to dismiss if the plaintiff's claims are based on that document." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

**B.  The Court should exclude the exhibits and materials referenced in Facebook's motion to dismiss which are outside the pleadings but not the basis for Kickflip's claims.**

Facebook's brief in support of its Rule 12(b)(6) motion to dismiss attaches four documents which present material outside the pleadings and should therefore be excluded:

- **Exhibit 2** (D.I. 12-2) is a document titled Facebook Developer Payments Terms which is dated September 6, 2012, more than a year after the activities described in the Complaint. This document is neither incorporated by reference in nor integral to Kickflip's Complaint and should be excluded.

- **Exhibit 3** (D.I. 12-3) is a document titled Facebook Platform Policies which is dated December 12, 2012, after Kickflip filed its Complaint. This document is neither incorporated by reference in nor integral to Kickflip's Complaint and should be excluded.

- **Exhibit 4** (D.I. 12-4) is a document titled Statement of Rights and Responsibilities Policies which is dated December 11, 2012, after Kickflip filed its Complaint. This document is neither incorporated by reference in nor integral to Kickflip's Complaint and should be excluded.

- **Exhibit 10** (D.I. 12-10) is a letter which is neither incorporated by reference in nor integral to Kickflip's Complaint and which should be excluded.

Additionally, the following statements in Facebook's brief present material outside the pleadings and should be excluded:

- "Similar to the policies of other popular technology platforms, such as Apple's iOS operating system…" (D.I. 12 at 1)

- "Kickflip no longer owns the Gambit business that provided the alleged advertising and payment processing services" (*Id.* at 4)

- "Facebook's Platform also enables developers to access Facebook's network via applications running 'off' of Facebook (*i.e.*, applications launched by the user from another site, such as the developer's own site). Such applications can use Facebook's authentication service ("Facebook Login"), social plugins (*e.g.*, the "Like" button),

and publishing (*e.g.*, with the user's permission, posting notices on the user's Facebook page that the user's friends may see)." (*Id.* at 4)

- "The SRR provides that, '[i]f you violate the letter or spirit of this Statement, or otherwise create risk or possible legal exposure for us, we can stop providing all or part of Facebook to you." (*Id.* at 5)

- "This approach is consistent with the payment processing services provided on other platforms, such as the Apple iOS platform." (*Id.* at 16)

- "Kickflip's November 12, 2009, response to Facebook's Cease and Desist letter represented that "Kickflip divested itself of the Gambit service and brand which is now exclusively owned by Gambit." (*Id.* at 20)

## CONCLUSION

Kickflip respectfully requests that the Court exclude the materials identified above, which are all outside the pleadings, in evaluating Facebook's Rule 12(b)(6) motion to dismiss.

Dated: February 1, 2013

|  |  | */s/ Kenneth L. Dorsney* |
|---|---|---|
| Derek A. Newman | Brian R. Strange | Kenneth L. Dorsney |
| (*pro hac vice*) | (*pro hac vice*) | (I.D. #3726) |
| Derek Linke | Keith L. Butler | Mary B. Matterer |
| (*pro hac vice*) | (*pro hac vice*) | (I.D. #2696) |
| **NEWMAN DU WORS LLP** | **STRANGE & CARPENTER** | **MORRIS JAMES LLP** |
| 1201 Third Avenue | 12100 Wilshire Boulevard | 500 Delaware Avenue |
| Suite 1600 | Suite 1900 | Suite 1500 |
| Seattle, Washington 98101 | Los Angeles, California 90025 | Wilmington, Delaware 19801 |
| (206) 274-2800 | (310) 207-5055 | (302) 888-6800 |
| dn@newmanlaw.com | lacounsel@earthlink.net | kdorsney@morrisjames.com |
| linke@newmanlaw.com | kbutler@strangeandcarpenter.com | mmatterer@morrisjames.com |

**ATTORNEYS FOR PLAINTIFF KICKFLIP, INC., d/b/a GAMBIT**

## D. DEL. LR 7.1.1 CERTIFICATE

Counsel for Kickflip and counsel for Facebook conferred regarding the above motion. No agreement was reached, therefore, it is presented to the Court for ruling.

s/ Derek A. Newman