**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 15, 2013

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801-3556

    Re:   *Kickflip, Inc. v. Facebook, Inc.*
           C.A. No. 12-1369-LPS

Dear Judge Stark:

      On behalf of Facebook, I am writing in response to Plaintiff's October 14, 2013 letter (D.I. 28) in which Plaintiff purports to submit supplemental authority relevant to the Court's order concerning limited discovery on the issue of standing.

      Reading Plaintiff's letter, one would think there must be an unresolved issue pending before the Court in connection with which advocacy is warranted.  There is not.  Plaintiff simply is trying to avoid complying with the decision the Court already has made.  The Court's September 27 oral order (D.I. 24) unambiguously directed the parties to submit a proposed case schedule that includes "provisions for limited, early discovery related to standing and an early case-dispositive motion relating to the same."  However, as can be seen from the parties' October 11 proposed scheduling order (D.I. 26), Plaintiff does not want to comply with that order, and thinks Facebook should have to accept it on faith that the single document Plaintiff has tendered moots the need for any further inquiry.  Plaintiff's self-serving proposal is unreasonable and should be rejected.

      Plaintiff's letter attaches as Exhibit A a document that purports to be a Contribution of Assets in Exchange for Shares agreement between Kickflip and Gambit Labs, Inc., dated December 15, 2009.  This selective disclosure of a single document is, however, no substitute for the "limited early discovery related to standing" ordered by the Court. D.I. 24.  Neither Facebook nor the Court is in a position to gauge the legal significance of the December 2009 agreement without discovery into the documents, communications, and other circumstances surrounding the alleged divestment.  Indeed, it is telling that Kickflip elected not to provide the Court with the November 9, 2009 asset sale agreement between itself and Gambit Labs referenced in the December 15, 2009 agreement, which may have a bearing on the intention behind and the ultimate effect of the December 15, 2009 agreement.  The content of that and other possible agreements between Kickflip and Gambit Labs, as well as related documents and

{00796053;v1 }

The Honorable Leonard P. Stark
October 15, 2013
Page 2

communications that have not been disclosed, may be relevant to determining who owns any legal claim against Facebook relating to the Gambit business.

     Facebook respectfully requests that the Court decline to rescind its oral order of September 27, 2013 and that the Court enter the scheduling order proposed by Facebook, which seeks a brief period of time to conduct the limited threshold discovery contemplated by the Court.

                        Respectfully,

                        */s/ Steven J. Balick*

                        Steven J. Balick

SJB/nlm

cc:    Kenneth L. Dorsney, Esquire  (by electronic mail)
        Derek A. Newman, Esquire  (by electronic mail)
        Keith L. Butler, Esquire  (by electronic mail)
        Thomas O. Barnett, Esquire  (by electronic mail)