# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KICKFLIP, INC., a Delaware corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>*Defendant*. | C.A. NO. 12-1369-LPS |

## JOINT STATUS REPORT AFTER HEARING

Plaintiff Kickflip, Inc., and Defendant Facebook, Inc., by and through their undersigned counsel, respectfully submit the following joint status report with their proposals as to how this action should proceed as directed by the Court at the conclusion of the hearing on Friday, April 4, 2014.

**A. Kickflip's proposal for how the case should now proceed**

At the conclusion of the April 4, 2014, hearing, the Court requested that the parties file a joint status report with proposals about how the case should proceed. Now that the briefing and argument on Facebook's summary-judgment motion are complete, Kickflip submits that the Court should decide the motion without additional discovery or supplemental briefing.

At the hearing, Facebook requested that the Court proceed to decide the summary-judgment motion without further discovery:

> THE COURT: So let's say for argument's sake, at least for the moment, that I am going to give you some relief on the motion to strike. Where would that leave us on standing? Would you like to have the opportunity, if you are going to get further discovery, if I deem there is a waiver, to consider whatever comes out of that further discovery before I make a final determination on the standing question?
>
> MR. GIMBLETT: Well, firstly, I think you can decide the motion for summary judgment without additional discovery.

(Transcript of April 4, 2014 Hearing at 43:5–15.)

To resolve this issue, Kickflip respectfully withdraws Paragraphs 34–35 in the January 14, 2014, declaration of Christopher E. Smoak in opposition to Facebook's summary-judgment motion. This should moot Facebook's pending motion to strike and Facebook's request for additional discovery on the tax issue addressed in those paragraphs.

During the hearing on April 4, 2014, Facebook agreed that excluding the statements would resolve the issues:

> THE COURT: Now, I recognize there is all those preceding steps, so whether I get there or not is an open question. But if I got there, what would be wrong with the alternative relief rather than strike it but giving you another deposition of Mr. Smoak now that you do have his declaration and allowing you all proper follow-up at a deposition and perhaps supplement your briefing on standing, if that is where we go?
>
> MR. GIMBLETT: This question has arisen in some of the previous cases dealing with this whole situation. Courts have tended to find that simply allowing another deposition to be taken establishes the wrong set of incentives. It doesn't deter the kind of conduct that is at issue here. For that reason, **our preference would certainly be that you exclude the statements**. That would be more efficient. We had this limited period of discovery on standing. Kickflip had every opportunity to produce its information, and if it failed to do so, I believe you should just strike what we requested.
>
> THE COURT: Okay. Fine. Thank you.

(Transcript of April 4, 2014 Hearing at 20:5–24 (emphasis added).)

Similarly, by striking the declaration testimony at issue, Kickflip believes that the privilege waiver issue Facebook raises is moot for the purposes of Facebook's pending motion. But under any circumstances, Kickflip contests Facebook's position that any waiver occurred, particularly by any statement of Kickflip's counsel at the hearing, and does not believe that the record supports a finding of waiver. If this remains at issue, the Court should permit briefing.

Finally, Kickflip intends to merge with Volume11 Media, Inc., (the successor to Gambit Labs, Inc.). The resulting entity will then promptly move to amend the Complaint. But that should not affect the parties' pending motions, which should be decided on the existing record.

Accordingly, Kickflip proposes that the case proceed according to the current Scheduling Order entered by the Court on October 13, 2013. (D.I. 30). Under the Scheduling Order, all case deadlines, including the schedule for discovery, expert disclosures, and motion deadlines, begin once the Court enters an order on Facebook's summary-judgment motion on the issue of standing. (*See id.* at 3.) That motion has now been fully briefed and heard. Kickflip respectfully requests that the Court decide the pending summary-judgment motion so that the case may proceed under the existing Scheduling Order.

**B. Facebook's proposal for how the case should now proceed**

Facebook proposes the following schedule for the next phase of this litigation:

| | |
|---|---|
| Within one week after the issuance of the Court's order responding to the present submission (the "Order") | Kickflip and Volume 11 to produce (i) any documents previously withheld as privileged relating to the November and December Agreements, and (ii) any documents reviewed or relied upon by Mr. Smoak in the drafting of his Declaration concerning the subjects as to which Kickflip and Volume 11 have waived privilege (as discussed further below). |
| Within four weeks after the issuance of the Order | Kickflip and Volume 11 to designate and produce for deposition pursuant to Rule 30(b)(6) a witness able to testify (1) to the same subject matter, including any communications between Mr. Smoak and counsel in connection with the drafting of his Declaration concerning the subjects as to which Kickflip and Volume 11 have waived privilege (as discussed further below), and (2) the contemplated corporate transaction between Kickflip and Volume 11. Facebook's costs associated with reviewing the additional documents and preparing and taking the deposition to be paid by Kickflip. |
| Within three weeks after completion of the Rule 30(b)(6) deposition | Facebook to submit any supplemental briefing related to the motion for summary judgment (if Facebook fails to submit supplemental briefing, the motion will be deemed ripe for |

| | decision) |
|---|---|
| Within two weeks of Facebook's submission of supplemental briefing | Kickflip to submit its response |
| Within one week of Kickflip's submission of its response | Facebook to submit its reply |
| Within two weeks of any order by the Court denying Facebook's motion for summary judgment in part or whole | Kickflip to file a motion to amend its complaint (to be briefed in accordance with the deadlines provided in the Local Rules) |

\*   \*   \*

While Kickflip has said that it is prepared to undertake a corporate transaction and amend its complaint, the Court must first determine whether Kickflip has standing. The resolution of that issue will determine whether the Court has subject matter jurisdiction over the Complaint as filed, and therefore whether it may properly entertain a motion to amend. *See, e.g.*, *Vianix Delaware LLC v. Nuance Commc'ns, Inc.*, CIV09-0067NLHJS, 2009 WL 1364346 (D. Del. May 12, 2009) (Hillman, J.) ("Because [Plaintiff] did not have standing to assert its claims when it filed suit, the Court does not have subject matter jurisdiction to consider anything filed thereafter, including [an] amended complaint.").[1] Kickflip has the burden to establish Article III standing for each claim and for each form of relief that it seeks. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Accordingly, Facebook proposes a schedule that provides for the orderly resolution of the

---

[1] *See also Arrow Drilling Co., Inc. v. Carpenter*, CIV.A. 2:02-CV-09097, 2003 WL 23100808 (E.D. Pa. Sept. 23, 2003) *aff'd*, 125 F. App'x 423 (3d Cir. 2005) ("A plaintiff . . . 'may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists.'") (quoting Moore's Federal Practice ¶ 15.13[2] (3d ed.1999)); *Hildebrand v. Dentsply Int'l, Inc.*, CIV.A. 06-5439, 2011 WL 4528343 (E.D. Pa. Sept. 30, 2011) ("[O]ur sister courts in the Third Circuit have previously recognized that where a party never had standing and thus subject matter jurisdiction never attached, federal courts may not even hear the party's motion to amend to substitute plaintiffs who do have standing . . . .'") (quoting *In re Spree.Com Corp.*, 295 B.R. 762, 775 (Bankr. E.D. Pa. 2003)).

Article III standing issue by staging proceedings such that (1) Facebook receives the additional discovery to which it is entitled given Kickflip's privilege waiver and proposed corporate transaction; (2) the Court next resolves the gating issue of Article III standing with the benefit of any supplemental briefing arising from the additional discovery; and (3) if the Court denies Facebook's motion for summary judgment, Kickflip may then be permitted to move to amend the Complaint. There is no need to decide when general discovery should begin until after those three stages have been completed.

In its motion to strike, Facebook asked the Court to exclude certain statements in the Smoak Declaration as inconsistent with Mr. Smoak's deposition testimony or, in the alternative, to grant Facebook "further discovery of Kickflip's privileged documents relating to the November and December agreements now that Smoak has revealed that he has testimony that is either not privileged or for which Kickflip has waived privilege." At the end of its responsive oral argument on the motion for summary judgment and the motion to strike on April 4, Kickflip for the first time confirmed—contrary to the position it had taken in its opposition to Facebook's motion to strike—that it had waived privilege by submitting the Smoak Declaration. *See, e.g.*, Transcript at 39: 11-14 (Mr. Strange: "I could see Your Honor saying, look, you invoked the privilege and you now waived it by putting in that declaration. You need to put him up for further examination. I understand that.").

Particularly given this development, exclusion of the specific statements highlighted in the motion to strike is no longer the appropriate remedy.[2] Moreover, having used the attorney-client

---

[2] Kickflip's assertion that it had waived privilege came after the statement by Facebook's counsel, quoted in Kickflip's part of this submission, calling for exclusion of parts of the Smoak Declaration. Facebook's counsel was clear in his rebuttal that the assertion of a waiver was "a new point" and "the appropriate remedy is for them to turn over the privileged documents." Transcript at 42:19 - 43:4.

privilege as a shield and then a sword, Kickflip and Volume 11 should not be permitted to continue as if these actions never occurred (which would be the effect of simply striking the Smoak Declaration). Instead, Facebook asks the Court to grant the alternative relief requested in its motion by ordering that Kickflip and Volume 11 produce privileged documents within the scope of the waiver. Facebook further requests that the Court order Kickflip and Volume 11 to designate and produce a representative to testify pursuant to Rule 30(b)(6) on subject matter within the scope of the waiver and that, pursuant to its authority under Federal Rule of Civil Procedure 37, it require Kickflip to pay Facebook's costs of taking this additional discovery. Because the additional discovery requested by Facebook could establish undisputed facts relevant to either of the arguments advanced in the motion for summary judgment, efficiency would be served by the Court deferring its ruling on that motion until the parties have had an opportunity to submit any necessary supplemental briefing.

In its part of this status report, Kickflip selectively excerpts statements by Facebook's counsel at the April 4 hearing, made before Kickflip both acknowledged its waiver of privilege and proposed on the fly to execute a corporate transaction to address the standing issue. Consistent with the Court's request at the close of the hearing, Facebook has further considered the procedural implications of Kickflip's sudden reversals of position and now proposes a schedule designed to facilitate the Court's consideration of the pending motion, while drawing the appropriate consequences from Kickflip's waiver of privilege.

Kickflip's and Volume 11's waiver extends to the motives for, negotiation, implementation and performance of the November and December Agreements. *See Murray v. Gemplus Int'l, S.A.*, 217 F.R.D. 362, 367 (E.D. Pa. 2003)("[W]hen one party intentionally discloses privileged material with the aim, in whole or in part, of furthering that party's case, the party waives its

attorney-client privilege with respect to the subject-matter of the disclosed communications."); *Addie v. Kjaer*, CIV. 2004-135, 2008 WL 5632261 (D.V.I. Jan. 10, 2008) ("The voluntary disclosure by a client of a privileged communication waives the privilege as to other such communications relating to the same subject matter made both prior to and after the occurrence of the waiver."). During his Rule 30(b)(6) depositions on November 25, 2013, Mr. Smoak repeatedly refused to answer questions about the reasons for the agreements or Kickflip's understanding of the meaning and effect of their terms. *See, e.g.*, D.I. 62, Ex. 1 (Kickflip Dep. Full Transcript) at 32:18 - 33:11; 36:3 - 36:22; 37:15 - 37:22; 39:5 - 40:2; 127:4 - 129:8; D.I. 62, Ex. 2 (Vol. 11 Dep. Full Transcript) at 20:18 - 21:4; 22:16 - 24:22; 32:6 - 32:13; 69:14 - 70:13; 73:11 - 73:21. Yet in his Declaration of January 14, 2014, testifies in detail to both Kickflip's and Gambit Labs' (now Volume 11) purposes in entering into the agreements and the legal meaning of their provisions. *See* D.I. 58 at ¶¶15-23 and 30-45.

Kickflip's and Volume 11's waiver should also be deemed to extend to any documents reviewed by Mr. Smoak and any communications with counsel on which Mr. Smoak relied in drafting his declaration concerning the subjects as to which Kickflip and Volume 11 have waived privilege. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) (by placing at issue attorney advice related to the structure of a transaction, a party "waived the attorney-client privilege as to all communications, both written and oral, to or from counsel as to the entire transaction," including the lawyer's "internal research and other file memoranda"). In light of Kickflip's and Volume 11's privilege waiver, Facebook is entitled to discovery of the information on which it is based whether or not that information is contained in what would otherwise be privileged documents or communications with counsel.

Finally, to ensure that any motion practice related to Kickflip's proposed amended complaint

is premised on accurate information about the contemplated new plaintiff(s), Facebook should be permitted to question Kickflip's and Volume 11's Rule 30(b)(6) designee about the proposed corporate transaction, including the assets, liabilities and business of Kickflip's counterparty and the surviving entity.  Deposition testimony on this subject should help establish whether the assets to be transferred to the new entity include a viable business that can establish its preparedness to re-enter the market in accordance, as Kickflip has represented.

**C. Joint position about new authority cited during argument.**

Finally, the parties agree that the additional authority mentioned during oral argument does not require additional briefing and submit on the briefs and argument already provided to the Court.

Dated: April 11, 2014

*/s/ Kenneth L. Dorsney*
Mary B. Matterer (I.D. #2696)
Kenneth L. Dorsney (I.D. #3726)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com
kdorsney@morrisjames.com

Derek A. Newman (*pro hac vice*)
Derek Linke (*pro hac vice*)
**NEWMAN DU WORS LLP**
1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800
dn@newmanlaw.com
linke@newmanlaw.com

Brian R. Strange (*pro hac vice*)
Keith L. Butler (*pro hac vice*)
**STRANGE & CARPENTER**
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055
lacounsel@earthlink.net

*/s/ Benjamin J. Schladweiler*
David E. Ross (I.D. #5228)
Benjamin J. Schladweiler (I.D. #4601)
**SEITZ ROSS ARONSTAM & MORITZ LLP**
100 S. West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600
dross@seitzross.com
bschladweiler@seitzcross.com

Thomas O. Barnett
Jonathan Gimblett
**COVINGTON & BURLING LLP**
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000
tbarnett@cov.com
jgimblett@cov.com

*Attorneys for Defendant Facebook, Inc.*

7040895/

- 8 -

kbutler@strangeandcarpenter.com

*Attorneys for Plaintiff
Kickflip, Inc. d/b/a Gambit*