IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KICKFLIP, INC., a Delaware corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>*Defendant*. | C.A. NO. 12-1369-LPS<br><br>█████<br><br>PUBLIC - REDACTED VERSION |

**PLAINTIFF KICKFLIP, INC.'S MEMORANDUM TO
MAGISTRATE JUDGE BURKE RELATING TO *IN CAMERA* REVIEW**

Dated: October 27, 2015

Kenneth L. Dorsney (I.D. #3726)
Mary B. Matterer (I.D. #2696)
**Morris James LLP**
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com
mmatterer@morrisjames.com

Brian R. Strange (*pro hac vice*)
Keith L. Butler (*pro hac vice*)
**Strange & Butler**
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
(310) 207-5055
bstrange@strangeandbutler.com
kbutler@strangeandbutler.com

Derek A. Newman (*pro hac vice*)
Derek Linke (*pro hac vice*)
**Newman Du Wors LLP**
2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800
dn@newmanlaw.com
linke@newmanlaw.com

**ATTORNEYS FOR PLAINTIFF
KICKFLIP, INC., d/b/a GAMBIT**

Pursuant to Chief Judge Stark's October 7, 2015 order, this memorandum is intended to provide background information to assist Magistrate Judge Burke with an *in camera* review.

## BRIEF SUMMARY OF FACTS RELEVANT TO *IN CAMERA* REVIEW

Beginning in 2008, Kickflip provided virtual-currency services—referred to as the "Gambit" service—to software developers who published games on Facebook's Platform. On November 5, 2009, Facebook sent Kickflip a "cease and desist" letter banning it from providing the Gambit service to developers on the Platform. On November 9, 2009, in an effort to mitigate the harm caused by Facebook's ban, Kickflip's shareholders (Andrew Hunter, Christopher Smoak, and Noah Kagan) formed a new entity called Gambit Labs. That same day, with assistance from their corporate counsel (Eric Benisek of Vasquez Benisek & Lindgren LLP), Kickflip and Gambit Labs entered into an "Asset Assignment Agreement" (referred to as the "November Agreement") whereby Kickflip transferred certain assets to Gambit Labs.

In June 2011, the IRS initiated an audit of Gambit Labs for the 2009 tax year, which examined, among other things, the asset transfer. ███████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████ In March 2012, Kickflip and Gambit Labs executed a "Contribution of Assets in Exchange for Shares Agreement" that was backdated effective December 15, 2009 (referred to by the parties as the "December Agreement"). The backdating of the agreement later led Kickflip to mistakenly represent that it had been executed in December 2009.

## PROCEDURAL BACKGROUND

On October 26, 2012, Kickflip filed this action against Facebook alleging antitrust

violations, as well as tortious interference with Kickflip's contracts and prospective business opportunities. (Complaint, D.I. 1.) On January 4, 2013, Facebook moved to dismiss Kickflip's Complaint for failure to state a claim. On September 27, 2013, the Court denied Facebook's motion to dismiss, but granted Facebook's request for limited discovery on the issue of standing based on Kickflip divesting certain assets to Gambit Labs. (D.I. 22.) Kickflip thereafter responded to Facebook's document requests and produced Mr. Smoak, as a representative of Kickflip and Gambit Labs' successor, Volume11, for deposition.

On December 31, 2013, Facebook filed a motion for summary judgment for lack of standing. Facebook argued, among other things, that the November Agreement transferred Kickflip's antitrust claims to Gambit Labs and the December Agreement left the claims with Gambit Labs. (D.I. 52.) On January 14, 2014, Kickflip opposed Facebook's motion (D.I. 57), and attached a supporting declaration from Mr. Smoak (D.I. 58). On January 21, 2014, Facebook moved to strike certain paragraphs of the declaration as being inconsistent with Mr. Smoak's prior deposition testimony and subject to a waiver of the attorney-client privilege.

On January 21, 2015, the Court found a limited waiver of the attorney-client privilege "extend[ing] to, but only to, the November and December Agreements, including the motives for and effects of entering into them, as well as the negotiation, performance, and implementation of these Agreements." (D.I. 81 at 7.) The Court ordered Kickflip to "produce any documents previously withheld" within the scope of that waiver and to produce a Rule 30(b)(6) deponent on the waived issues. (D.I. 82.) Kickflip fully complied with the Court's January 21, 2015 Order.

After supplemental briefing on Facebook's pending motion for summary judgment concluded on April 8, 2015, Kickflip learned it had mistakenly recalled and represented that the

December Agreement had been executed in December 2009.[1] On April 17, 2015, upon learning of the inaccuracy, Mr. Smoak submitted a declaration correcting his prior testimony about the creation and execution date of the December Agreement. (D.I. 99, 101.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 100.) Based on these submissions, Facebook asserts that the December Agreement could constitute a tax fraud. The Court permitted Facebook to conduct additional discovery relating to the backdating of the December Agreement and specifically, the motivations behind the creation and backdating of the agreement.

In this new round of discovery, Kickflip agreed to produce documents relating to the November and December Agreements, documents reflecting/relating to communications with the IRS regarding the audit, documents relating to any tax issues/obligations resulting from the asset transfer (including communications with Mr. Ericsson and Kickflip's former accountant (Katy Pletter) regarding this issue), billing records from Mr. Benisek's firm relating to the asset transfer and any taxes or obligations related to that transfer, and documents reflecting/relating to communications with Mr. Benisek regarding his April 17, 2015 Declaration.[2]

Kickflip's production included documents with redactions of privileged or protected

---

[1] Kickflip's current litigation counsel—Newman Du Wors LLP and Strange & Butler (formerly Strange & Carpenter)—was not retained until after the December Agreement was executed in March 2012.

[2] The only documents Kickflip agreed to produce from current litigation counsel's files that post-date the October 26, 2012 filing of the Complaint are communications with Mr. Benisek regarding his April 17, 2015 Declaration. Pursuant to the Joint Status Report entered on October 14, 2015, Facebook is preparing a supplemental brief for Judge Stark on the scope of the waiver and the potential application of the crime-fraud exception to the attorney-client privilege for litigation counsel's documents post-dating the filing of the Complaint relating to the November and December Agreements. Specifically, Facebook suspects (and Kickflip vigorously denies) that, when the December Agreement was first submitted to the Court in October 2013, litigation counsel knew it was created in March 2012. Accordingly, the scope of the waiver and the potential application of the crime-fraud exception for documents post-dating the filing of the Complaint are not issues currently before Magistrate Judge Burke.

information outside the scope of the limited privilege waiver. From that production, Facebook requested *in camera* review of seven redacted documents. On October 7, 2015, Chief Judge Stark granted Facebook's request for *in camera* review of these seven documents to determine whether the redacted material can be properly withheld as privileged consistent with the scope of the waiver previously found by the Court and referred the review to Magistrate Judge Burke.

## SCOPE OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE

In its January 21, 2015 memorandum, the Court found a waiver of the attorney-client privilege as a result of statements in Mr. Smoak's January 14, 2014 Declaration relating to the reasons for entering into the December Agreement. (D.I. 81.) The scope of the privilege waiver "extend[s] to, but only to, the November and December Agreements, including the motives for and effects of entering into them, as well as the negotiation, performance, and implementation of these Agreements." (*Id.* at 7.) The Court declined Facebook's request to expand the waiver and discovery to also encompass documents reviewed by Mr. Smoak in the drafting of his January 14, 2014 Declaration concerning the reasons for entering into the December Agreement. The Court held that such an expansion "would unduly risk requiring Kickflip to disclose communications outside the subject matter of what is disclosed in the Declaration." (*Id.* at 8.)

Other than the waiver announced in the January 21, 2015 order, the Court has not found any additional waivers of the attorney-client privilege. In support of this *in camera* review, Facebook has also neither asserted nor established any basis for an exception to the privilege.

## DOCUMENTS IDENTIFIED FOR *IN CAMERA* REVIEW

Six invoices from Mr. Benisek's firm have been selected for *in camera* review. Because legal billing records are ordinarily protected from discovery, the only substantive information that is not redacted from each invoice are the materials that fall within the scope of the waiver of

privilege previously found by the Court. Thus, consistent with the scope of the waiver, Kickflip redacted billing entries reflecting legal services unrelated to the November and December Agreements. Billing entries reflecting legal work on other matters—including other litigation, corporate transactions (including contract/license review and development), corporate governance issues (including the merger between Gambit Labs and Volume 11), and general tax issues unrelated to the asset transfer or the audit—were properly redacted because the information remains privileged and/or protected work product and no waiver applies. Similarly, billing entries reflecting legal strategies for responding to Facebook's ban and other work evaluating Kickflip's potential claims against Facebook resulting from the ban were also redacted as the information remains protected from discovery.

In addition to Mr. Benisek's invoices, an email chain reflecting communications among litigation counsel relating to Mr. Benisek's April 17, 2015 Declaration has also been selected for *in camera* review. The only information from this email chain that is responsive and not redacted is the originating email between litigation counsel and Mr. Benisek. Kickflip concedes that no privilege attaches to communications between litigation counsel and Mr. Benisek in this context. However, Kickflip maintains that communications among litigation counsel (after the Court's finding of the waiver) reflecting its investigation into the circumstances surrounding the December Agreement and legal strategies for submitting corrected testimony to the Court (including the corrected testimony of Mr. Smoak) remain privileged and protected work product for which no waiver applies. Any argument by Facebook that the waiver applies to litigation counsel's documents that post-date the filing of the Complaint is not an issue relevant to this *in camera* review and instead, is an issue currently being briefed for Chief Judge Stark.

Dated: October 27, 2015      By:   */s/ Kenneth L. Dorsney*

    Kenneth L. Dorsney (I.D. #3726)
    Mary B. Matterer (I.D. #2696)
    **Morris James LLP**
    500 Delaware Avenue, Suite 1500
    Wilmington, Delaware 19801
    (302) 888-6800
    kdorsney@morrisjames.com
    mmatterer@morrisjames.com

    Brian R. Strange (*pro hac vice*)
    Keith L. Butler (*pro hac vice*)
    **Strange & Butler**
    12100 Wilshire Boulevard, Suite 1900
    Los Angeles, California 90025
    (310) 207-5055
    bstrange@strangeandbutler.com
    kbutler@strangeandbutler.com

    Derek A. Newman (*pro hac vice*)
    Derek Linke (*pro hac vice*)
    **Newman Du Wors LLP**
    2101 Fourth Avenue, Suite 1500
    Seattle, Washington 98121
    (206) 274-2800
    dn@newmanlaw.com
    linke@newmanlaw.com

    **ATTORNEYS FOR PLAINTIFF**
    **KICKFLIP, INC. DBA GAMBIT**