IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KICKFLIP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1369-LPS |
| | ) | |
| FACEBOOK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court in this patent infringement action is a request from Defendant Facebook, Inc. ("Defendant") for *in camera* review of seven documents that have been produced in redacted form by Plaintiff Kickflip, Inc. ("Plaintiff"). (D.I. 126, 132)

### I. FACTUAL AND PROCEDURAL BACKGROUND

In a Memorandum Opinion issued on January 21, 2015, Chief Judge Leonard P. Stark ruled that Plaintiff had waived attorney-client privilege through its earlier submission of a declaration from its corporate representative, Christopher Smoak. (D.I. 81 at 6-7) Mr. Smoak's declaration, *inter alia*, discussed the circumstances surrounding Plaintiff's decision to enter into: (1) a November 9, 2009 Asset Assignment Agreement (the "November Agreement") with Gambit Labs, Inc. ("Gambit Labs"); and (2) a Contribution of Assets in Exchange for Shares Agreement (the "December Agreement") with Gambit Labs—an agreement that on its face was dated December 15, 2009, but that in actuality was executed in March 2012. (D.I. 58 at ¶¶ 19, 30; D.I. 81 at 1; D.I. 101 at ¶ 6) The District Court ruled that the scope of the waiver "extend[ed] to, but only to," the following:

[T]he November and December Agreements, including the motives

> for and effects of entering into them, as well as the negotiation, performance, and implementation of these Agreements.

(D.I. 81 at 7) In an accompanying Order issued that same day (the "January 21, 2015 Order"), the District Court ordered Plaintiff to:

> [P]roduce any documents previously withheld relating to the November and December Agreements, including the motives for and effects of entering into them, as well as the negotiation, performance, and implementation of these Agreements.

(D.I. 82 at ¶ 2)

In the course of Plaintiff's production of documents in response to this Order, disputes arose between the parties. (D.I. 126) One such dispute related to Plaintiff's production of redacted versions of certain documents at issue here; Defendant believes that redacted portions of these documents might contain information that should be produced pursuant to the District Court's January 21, 2015 Order. (*Id.* at 3; D.I. 132 at 4) The parties agreed that, to resolve their dispute, seven such documents should be submitted for *in camera* review: (1) six invoices for legal services generated by Plaintiff's former counsel, Eric Benisek, and sent to Plaintiff in 2009, 2011 and 2012; and (2) an April 2015 e-mail chain that contains communications between Mr. Benisek and Plaintiff's counsel in the instant litigation ("litigation counsel") and among Plaintiff's litigation counsel. (D.I. 126 at 3; D.I. 127 at 4) During a teleconference held on October 7, 2015, the District Court ordered: (1) the "in camera review that [the parties] have essentially agreed on"; (2) that this review would be referred to the Court; and (3) that the parties could supply the Court with limited briefing so as to provide further context for its review. (D.I. 142 at 42-43) The parties thereafter agreed on a briefing schedule regarding the *in camera* review, (D.I. 129 at ¶ 3); briefing and related submissions were completed by October 28, 2015,

(D.I. 134).

## II. DISCUSSION

### A. Mr. Benisek's Invoices

The Court will summarize its review of Mr. Benisek's six invoices by addressing certain invoices together. It sets out that review below.

#### 1. November 2009 invoice (Bates number KICK 00002816-20) and December 2009 invoice (KICK 00002821-22)

The only arguably difficult issue with regard to the contents of these invoices relates to the portion of the District Court's January 21, 2015 Order that requires Plaintiff to produce any previously withheld documents "relating to the November and December Agreements, including the motives for . . . entering into them[.]" (D.I. 82 at ¶ 2) Plaintiff has clearly asserted that a motive (really, *the* motive) for its entry into the November Agreement was due to its receipt of a November 5, 2009 cease-and-desist letter from Defendant; that cease-and-desist letter banned Plaintiff from offering its virtual-currency services to developers using Defendant's platform. (D.I. 58 at ¶¶ 8, 13, 18-20)

Since the cease-and-desist letter was a "motive" for Plaintiff's entry into the November Agreement, read very broadly, the District Court's January 21, 2015 Order could be seen to require production of any material that in any way "relat[es]" to that letter and to Defendant's ban of Plaintiff—even if the material did not necessarily relate to the circumstances regarding the creation of and entry into the November Agreement itself. And indeed, portions of the November 2009 and December 2009 invoices include descriptions of work done by Mr. Benisek or his firm that, while not related to the consummation of the November Agreement itself, do

relate to, *inter alia*, (1) possible legal claims Plaintiff considered bringing against Defendant as a result of the ban; or (2) Plaintiff's reaction to the public response that the ban had generated. The Court, however, does not read the District Court's January 21, 2015 Order to require production of this type of material. Instead, it believes that the District Court intended that material relevant to the "motives" for the November Agreement be produced, to the extent that such material relates *to the agreement itself* (e.g., to the process of entering into the agreement, or the reasons why the agreement was drafted and signed). And so the Court will not order that Plaintiff unredact the broader categories of material described above in this paragraph.

The Court will, however, order that limited additional material in these invoices be unredacted. This material includes billing entries that, due to their content and to their temporal relationship to the date of execution of the November Agreement, do appear to fall within the scope of material required to be produced by the District Court's January 21, 2015 Order. The Plaintiff should produce further versions of these invoices that have the following information not redacted:

- KICK 00002816: The portion of the entry on 11/06/2009 beginning with "conference" and ending with "Facebook[.]"

- KICK 00002818: The entirety of the entry on 11/05/2009; the portion of the entry on 11/09/2009 beginning with "draft" and ending with "desist"; and the portion of the entry on 11/11/2009 beginning with "client inquiries" and ending with "service" and the further portion beginning with "draft response" and ending with "position."

- KICK 00002822: The portion of the entry on 12/03/2009 beginning with "confer with client re corporate" and ending with "same."

The Court did not find any remaining material in this exhibit to be responsive.

    **2.    August 2011 invoice (KICK 00001840-41), October 2011 invoice (KICK00003860-61) and November 2011 invoice (KICK 00001952-53)**

The Court did not find any material in these exhibits to be responsive.

    **3.    March 2012 invoice (KICK 00002044-45)**

With regard to this invoice, the Court will order that limited additional material be un-redacted. This material appears to be related to the December Agreement and to the question of Plaintiff's "motives" for entering into that agreement. The Plaintiff should produce a further version of this invoice that does not redact the following:

- KICK 00002044: The portion of the entry on 3/26/2012 that begins with "and" and ends with "lawsuit;" and the portion of the entry on 3/28/2012 that begins with "Skype" and ends with "with A. Hunter" and the further portion that begins with "Facebook" and ends with "litigation;".

The Court did not find any remaining material in this exhibit to be responsive.

    **B.    The April 2015 E-mail Chain**

The parties disagree as to whether the Court should take any action with respect to this last document. Defendant asks that the Court review the document and indicate whether it contains any of three categories of information that Defendant believes would require production pursuant to the crime-fraud exception to the attorney-client privilege. (D.I. 132 at 5) Plaintiff, for its part, asserts that in light of the District Court's pending decision on the application of the crime-fraud exception, Defendant's request is "not an issue relevant to this *in camera* review[.]" (D.I. 133 at 5)

As an initial matter, the Court notes that it is uncertain that review of this document for the purposes suggested by Defendant is within the scope of the District Court's intended referral.

(D.I. 142 at 42 (District Court referring to this Court only the "in camera review that" the parties "have essentially agreed on")) But in any event, even were the issue properly before the Court, it would conclude that the document does not contain content relating to any of the three categories of information set out by Defendant in its brief. (D.I. 132 at 5)

## III. CONCLUSION

For the reasons set out above, the Court ORDERS that Plaintiff produce to Defendant further un-redacted versions of certain of the documents at issue here, to the extent set out above. Plaintiff shall make this production by no later than **January 19, 2016.**

Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the order. Any such redacted version shall be submitted no later than **January 19, 2016** for review by the Court, along with a detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated: January 12, 2016

                                        *Christopher J. Burke*
                                        Christopher J. Burke
                                        UNITED STATES MAGISTRATE JUDGE